UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

REGIONS BANK, an Alabama state chartered bank,

    Plaintiff,

v.                                    Case No: 2:14-cv-193-FtM-29DNF

RADNO, INC., a Florida corporation, PETER J. RADNO, individually, MELINDA RADNO, individually, and WHITE LAKE COMMONS ASSOCIATION, INC., a Florida non-profit corporation,

    Defendants.

## ORDER

This matter comes before the Court on review of the Verified Complaint (Doc. #1) filed on April 3, 2014.[1]  Subject-matter jurisdiction is premised on the presence of diversity of jurisdiction between the parties.  (Id., ¶ 7.)  This requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).  The Court is satisfied that the amount in controversy exceeds $75,000.

---

[1] If the Court determines "at any time" that it lacks subject-matter jurisdiction, the Court must dismiss the case.  Fed. R. Civ. P. 12(h)(3).

Plaintiff alleges that it is an Alabama state chartered bank, that Radno, Inc. is a Florida corporation, and that White Lake Commons Association, Inc. is a non-profit corporation. (Doc. #1, ¶¶ 1, 2, 6.) A corporation is a citizen of both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The principal place of business is determined by the "nerve center" test. Hertz Corp. v. Friend, 559 U.S. 77 (2010). Therefore, the citizenship of these parties is not adequately asserted.

Plaintiff asserts that J. Radno, P. Radno, and M. Radno all reside in the Middle District of Florida. (Doc. #1, ¶¶ 3-5.) "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989). Pleading residency is not the equivalent of pleading domicile. Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1341 (11th Cir. 2011); Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009); Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)(internal quotation marks and citations omitted). Plaintiff

has failed to properly allege the citizenship of the individually named defendantd.  Therefore, no diversity of jurisdiction is alleged.

Plaintiff will be provided an opportunity to state the presence of federal jurisdiction pursuant to 28 U.S.C. § 1653.

Accordingly, it is now

**ORDERED:**

The Verified Complaint (Doc. #1) is dismissed for lack of subject-matter jurisdiction without prejudice to filing an Amended Complaint within **SEVEN (7) DAYS** of this Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __3rd__ day of April, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record

3